Majid Foroozandeh, Esq.
Law Offices of Foroozandeh, APC
9891 Irvine Center Dr., Suite 130
Irvine, CA 92618-5959
(949) 336-8505 Fax (208) 485-5959
State Bar Number: 248685

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:09-bk-19367-TA |
| DANNY CRAIG O'NEAL II<br>BECKY ANN O'NEAL | Chapter 11 |
| Debtors | Adv # |
| DANNY CRAIG O'NEAL II<br>BECKY ANN O'NEAL<br>Plaintiffs<br>vs.<br>BANK OF AMERICA HOME LOANS, its assigns and/or successors in interest<br>Defendant | COMPLAINT FOR DECLARATORY RELIEF AND TO REMOVE LIEN OF DEFENDANT, PURSUANT TO 11 U.S.C. § 506(a) |

Plaintiffs Danny Craig O'Neal II and Becky Ann O'Neal, Chapter 11 Debtors and Debtors In Possession, alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.  This adversary proceeding arises out of and is related to the above-captioned Chapter 11 case of Danny Craig O'Neal II and Becky Ann O'Neal, Case No: 8:09-bk-19367-TA, now pending in this United States Bankruptcy Court. Therefore this court has

jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334, and General Order No. 266 of the United States District Court for the Central District of California.

2.   Defendant herein has a claim against Plaintiff, as defined by 11 U.S.C. §101(5). The complaint, as set forth herein, involves the determination of the secured status of a claim pursuant to 11 U.S.C. §506, and as such, constitutes a "core" proceeding pursuant to 28 U.S.C.§157(b)(2).

3.   Venue for this adversary proceeding is proper pursuant to 28 U.S.C §1409(a).

## GENERAL ALLEGATIONS

4.   Plaintiffs own a parcel of real property commonly known as 9 Via Zapador, Rancho Santa Margarita, CA 92688.  They reside in the property.

5.   As of the date of the filing of the Chapter 11 bankruptcy case herein, that property had a fair market value of approximately $440,000.00, according to an appraisal performed by Dalida Sanfrancisco, a California Real Estate Appraiser, of Dalida Sanfrancisco Appraisals dated October 6, 2009 and attached hereto as Exhibit "A"

6.   Plaintiffs filed the above-captioned Chapter 11 case on September 2, 2009.

7.   As of the date of the filing of the case, the following liens encumbered the property: A First Deed of Trust in favor of Bank of America Home Loans in the amount of $522,000.00, recorded on or about March 6, 2007; and a Second Deed of Trust in favor of Bank of America Home Loans in the amount of $97,875.00, recorded on or about March 6, 2007.

8.   As of the Date of filing of the Chapter 11 bankruptcy case herein, only the First Deed of Trust in favor Bank of America Home Loans is a secured claim, as defined by 11 U.S.C.§506(a). A true and correct copy of a Proof of Claim filed by secured creditor Bank of America Home Loans dated October 23, 2009 in the Amount of $519,366.20 as unpaid principal balance is attached hereto as Exhibit "B", and it is incorporated herein by this reference.

9.   As of the date of the filing of the Chapter 11 bankruptcy Petition herein, the Second

Deed of Trust in favor of Defendant, Bank of America Home Loans (formerly Countrywide Bank, N.A.) was entirely unsecured. A true and correct copy of a Deed of Trust dated February 27, 2007 in the original amount of $97,875.00 is attached hereto as Exhibit "C," and it is incorporated herein by this reference.

### CLAIM FOR RELIEF
[To Determine Claim to Be Entirely Unsecured
And Remove Lien Pursuant to 11 U.S.C.§506(a)]

10. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. Pursuant to 11 U.S.C.§506(a), the Deed of Trust in favor of the Defendant

12. Bank of America Home Loans was, as of the filing date of the bankruptcy case herein, entirely unsecured.

13. Pursuant to controlling Ninth Circuit Court, the lien of Defendant Bank of America Home Loans is completely unsecured, may be treated as unsecured in Plaintiff's Chapter 11 Plan, and may be removed.

14. As a result of the foregoing, Plaintiff is entitled to an order from the Court which removes the lien of Defendant Bank of America Home Loans against Plaintiff's residential property, and declares that the Second Deed of Trust is of no further effect as a secured lien against Plaintiff's residential property, pursuant to 11 U.S.C. §506(a).

WHEREFORE, Debtors prays for the following:

1. That judgment be entered in favor of Plaintiff and against Defendant removing the lien created by the Second Deed of Trust in favor of Bank of America Home Loans; and

2. For such other and further relief as this Court deems just and proper.

Dated: December 7, 2009

DANNY CRAIG O'NEAL II AND
BECKY ANN O'NEAL
Debtors and Debtors in Possession

By: _____
Majid Foroozandeh, Esq.